to validate her marriage to Mr. Reid. *See Jordan,* 116 S.W. at 435.

### *Conclusion*

For the foregoing reasons, there is substantial evidence on the record as a whole to support the ALJ's conclusion that Plaintiff was not the widow of Mr. Reid. The evidence includes, most notably, the lack of any divorce or annulment of Plaintiff's marriage to Mr. Everetts prior to her marriage to Mr. Reid.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Sharon Everetts' Motion for Summary Judgment be **DENIED.**   [Doc. 9]

**IT IS FURTHER RECOMMENDED** that the Commissioner's Motion for Summary Judgment be **GRANTED.**   [Doc. 10]

**IT IS FINALLY RECOMMENDED** that a separate judgment be entered in favor of the Commissioner and against Sharon Everetts in the instant cause of action.

The parties are advised that they have eleven (11) days in which to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thompson v. Nix,* 897 F.2d 356 (8th Cir.1990).

May 18, 1999.

**ESTATE OF Timothy LANGAN,**
**Through Billy J. LANGAN,**
**P.R., Plaintiff,**

v.

**State of NEBRASKA, Defendant.**

**No.  4:97CV3305.**

United States District Court,
D. Nebraska.

Sept. 1, 1999.

Carole J. McMahon–Boies, Pepperl, McMahon–Boies Law Firm, Lincoln, NE, for Plaintiff.

Donald B. Stenberg, Carla H. Risko, Nebraska Attorney General's Office, Lincoln, NE, for Defendant.

## MEMORANDUM AND ORDER

KOPF, District Judge.

Pending before me is the motion of the State of Nebraska to dismiss this case (filing 108). Also pending is the motion to amend the complaint. (Filing 111) Oral argument has been held on both motions. I will grant the motion to amend the complaint, but dismiss this case on Eleventh Amendment grounds. Briefly, my reasons for doing so are set forth below.

### I.

Timothy Langan was an epileptic. As a civilian, he worked for the Nebraska Military Department. When his employer implemented a reduction-in-force plan, Langan received a lay off notice. A day or so later he killed himself.

His estate sued the State of Nebraska claiming that Langan had been laid off (terminated) because he was an epileptic. (Filing 86, Pretrial Conference Order ¶ B at attachment ("[T]he plaintiff simply alleges that he was not treated the same as the nondisabled employees in the selection process, and was denied the job because of his disability.")) The parties are in agreement, and told me so at oral argument, that the plaintiff has not alleged that the State of Nebraska is liable because it failed to accommodate the plaintiff's disability. Rather, the plaintiff claims that the State of Nebraska laid him off because he was an epileptic.

After summary judgment narrowed this case, there remained a claim under the American's With Disabilities Act (ADA) as to whether Nebraska terminated the defendant because he was an epileptic. 42 U.S.C. § 12112(a). The State of Nebraska moved to dismiss claiming that it had Eleventh Amendment immunity based upon the recent cases from the Supreme Court and the United States Court of Appeals for the Eighth Circuit.

After I scheduled oral argument on the motion, and gave notice of my tentative conclusion that dismissal was probably warranted, the plaintiff moved to amend the complaint to add a Section 504 Rehabilitation Act claim. 29 U.S.C. § 794(a). Since the Rehabilitation Act claim was essentially identical to the ADA claim for purposes of preparation, I indicated, at oral argument, that I intended to grant the motion to amend. The parties then agreed that I could consider the motion to dismiss as lodged against the Rehabilitation Act claim as well as the ADA claim.

### II.

■ The Court of Appeals has held that the Eleventh Amendment bars suits against a state under Title I of the ADA. *DeBose v. Nebraska,* 186 F.3d 1087 (8th Cir.1999) (applying *Alsbrook v. City of Maumelle,* 184 F.3d 999 (8th Cir.1999)). The plaintiff argues that *DeBose* does not mean what it clearly states. Perhaps the plaintiff is right. Nevertheless, I see no ambiguity in the opinion. Therefore, since this is a suit under Title I of the ADA against a state, this court most follow *DeBose* and dismiss this case because Nebraska has Eleventh Amendment immunity.

■ Yesterday, the Court of Appeals held that Section 504 of the Rehabilitation Act did not validly abrogate a state's Eleventh Amendment immunity and that states do not waive that immunity by accepting federal funds. *Bradley v. Arkansas Dept. of Educ.,* 189 F.3d 745, ——, slip. op. at 18 (8th Cir.1999) (applying *Alsbrook* ). Thus,

*Bradley* disposes of plaintiff's Rehabilitation Act claim.

The plaintiff argues that even if *DeBose* and *Bradley* might otherwise require dismissal, this case is unique. The plaintiff argues that she claims "straight discrimination" and that this makes a difference; that is, the plaintiff does not claim an entitlement to an accommodation, but rather that the defendant discriminated against the plaintiff's decedent simply because he was an epileptic. She argues that the Court of Appeals found the statutes violated the Eleventh Amendment because the accommodation provisions of the statutes granted plaintiffs a substantive right that exceeded the right protected by the Fourteenth Amendment. *See, e.g., Bradley,* ——, slip. op. at 18; *Alsbrook,* 184 F.3d 999, at 1008–1009. Thus, the plaintiff argues that I should sever the unconstitutional portion of the statutes as they regard "reasonable accommodation," but sustain those portions of the statutes prohibiting raw discrimination.

There are two problems with this argument. First, the Court of Appeals in *Alsbrook, DeBose* and *Bradley* gave no hint that it distinguished between "straight" discrimination and discrimination resulting from the lack of an "accommodation" for purposes of determining whether a state had Eleventh Amendment immunity. On the contrary, we have unqualified statements like "we conclude that § 504 does not abrogate the states' Eleventh Amendment immunity." *Bradley,* at ——, slip op. at 19. The court makes no distinction of the kind suggested by the plaintiff. Consequently, I will not read into these cases a qualification—the Eleventh Amendment immunity does not apply to the extent the statutes prohibit "straight" discrimination—that is not apparent from the face of the opinions.

 Second, given the circular definition of "disability" and "discrimination," I

doubt whether the "accommodation" part could be severed from the "straight discrimination" part. *Compare, e.g.,* 42 U.S.C. § 12111(8) (defining "qualified individual with a disability" to mean a person who can do the job "with or without reasonable accommodation") *with* 42 U.S.C. § 12111(9) (defining "reasonable accommodation") *with* 42 U.S.C. § 12112(a) (prohibiting "discrimination" against "a qualified individual with a disability") *with* 42 U.S.C. § 12112(b) (setting forth a "construction" of the word "discrimination").[1] I do not see how the arguably constitutional portion of the legislation (prohibiting "straight" discrimination) can function independently from that portion of the statute (requiring reasonable accommodation) that is violative of the Eleventh Amendment when both concepts are defined in the statutes as one unitary concept. This being the case, severance would be improper. *See, e.g., Alaska Airlines, Inc. v. Brock,* 480 U.S. 678, 684, 107 S.Ct. 1476, 94 L.Ed.2d 661 (1987) ("Congress could not have intended a constitutionally flawed provision to be severed from the remainder of the statute if the balance of the legislation is incapable of functioning independently") (citation omitted). Put another way, the statutes are "nonseverable because valid and invalid provisions [are] so intertwined that the Court would have to rewrite the law to allow it to stand." *Id.* (citing *Hill v. Wallace,* 259 U.S. 44, 70–72, 42 S.Ct. 453, 66 L.Ed. 822 (1922)). Accordingly,

IT IS ORDERED that the motion to amend (filing 111) is granted, the motion to dismiss (filing 108), as applied to the amended complaint, is granted, and judgment will be entered dismissing this case by separate document.

---

1. The Rehabilitation Act directs a court to apply the same standards as the ADA. *Bradley,* at ——, slip. op. at 18 (citing 29 U.S.C. § 794(d)). Thus, if the ADA is not severable the Rehabilitation Act would not be severable either.